IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LINDA ZION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **1:09-cv-0666 WTL-TAB** |
| GC SERVICES LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LINDA ZION, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, GC SERVICES LIMITED PARTNERSHIP, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. LINDA ZION, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Anderson, County of Madison, State of Indiana.

1

5. GC SERVICES LIMITED PARTNERSHIP, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant is registered as a Limited Partnership in the State of Texas.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Citibank.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.   ALLEGATIONS

9. In January 2009, Plaintiff received a telephone call from Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff to Citibank.

10. The alleged debt of Plaintiff was incurred primarily for personal, family, or household services.

11. Since the aforementioned date, Defendant has made repeated and numerous telephone calls to Plaintiff.

12. Defendant contacted Plaintiff by telephone on Easter Sunday.

13. Defendant contact Plaintiff by telephone prior to 8:00 a.m.

14. Defendant has contacted Plaintiff by telephone at her place of work.

15. Plaintiff has been told by her supervisor that she cannot accept such telephone calls at work.

16. Plaintiff has advised Defendant that she cannot accept calls from Defendant at work.

17. Despite the fact that Plaintiff has advised Defendant that she cannot accept calls from Defendant at work, Defendant has continued to contact Plaintiff at her place of employment.

18. Defendant has contacted Plaintiff by telephone multiple times in a single day; on some days, Defendant has contacted Plaintiff by telephone more than five (5) times in a single day.

19. During the course of one of its telephone calls with Plaintiff, Defendant stated that Plaintiff had to pay the full balance outstanding on the debt she allegedly owes "that day or else."

20. On or about April 21, 2009, Plaintiff received a telephone voicemail message from Keana, a duly authorized agent of Defendant, who stated that it was an emergency and that Plaintiff must return her call that day.

21. Plaintiff contacted Defendant and was told unless Plaintiff paid the alleged debt in full by the end of the day, Defendant was going to initiate legal action. Under duress, Plaintiff advised Defendant that she may be able to raise some funds and on suggestion of Defendant, Plaintiff send Defendant a check, post-dated to April 28, 2009, for the full amount outstanding on the alleged debt.

22. Plaintiff believed that if she did not make immediate payment she would face criminal prosecution.

23. Plaintiff was unable to raise funds necessary to cover the amount of the check and as such, contacted Defendant and notified it to refrain from depositing the check.

24. Despite being advised that Plaintiff had insufficient funds to cover the amount of the post-dated check, Defendant continued to deposit the check. As a result, Plaintiff incurred overdraft fees from her bank.

25. In its attempts to collect the debt allegedly owed by Plaintiff to Citibank, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

   c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   d. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

   j. Solicited a postdated check for the purpose of threatening or instituting criminal prosecution.

   k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

27. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LINDA ZION, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**LINDA ZION**

By: _____
Attorney for Plaintiff

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us